**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 15, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40457
Summary Calendar
_____

In The Matter Of: CHARLES B. FELDMAN

                                    Debtor

----------------------------

COLIN KELLY KAUFMAN, Trustee

                                    Appellant,

versus

CHARLES B. FELDMAN; MICHAEL BOULDOUCHE, Trustee

                                    Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas, Brownsville Division
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:

In this appeal, Colin Kelly Kaufman (hereinafter "Kaufman")
appeals from the decision of the United States District Court for
the Southern District of Texas, Brownsville Division, entered on
March 25, 2004, in Civil Action No.B-03-072 styled "In Re:
Charles B. Feldman d/b/a Charles Feldman Investments." That
district court order considered Kaufman's appeal from the
decision of the United States Bankruptcy Court for the Southern
District of Texas, Brownsville Division, in bankruptcy case 90-

01254-B-1 in Chapter 11 styled "Charles B. Feldman d/b/a Charles B. Feldman Investments, Debtor" filed January 27, 2003, in which the bankruptcy court concluded that Kaufman lacked "standing to object to this Settlement Agreement" under consideration therein, and found that such Settlement Agreement "has been entered into in good faith, is in the best interest of the Estate and is the settlement of doubtful and disputed claims and meets the elements" set forth in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968). In its order, the district court reversed the decision of the bankruptcy court by holding that "Kaufman has standing to challenge the Motion of Approval of Compromise and to Approve Settlement Agreement and has standing to file this appeal." The district court, however, affirmed the conclusions of the bankruptcy court that "the settlement of doubtful and disputed claims" for $25,000 was "entered into in good faith" and "was in the best interest of the Estate." Kaufman timely appealed the decision of the district court to this court.

We have carefully reviewed the briefs, the reply briefs, the record excerpts and relevant portions of the record itself. We review findings of fact by the bankruptcy court under the clearly erroneous standard and decide issues of law *de novo*. *In re Hickman*, 260 F.3d 400, 401 (5th Cir. 2001). For the reasons stated by the district court in its order entered under date of March 25, 2004, we AFFIRM the order of the district court that

concluded Kaufman had standing to appeal and we AFFIRM the order of the district court that affirms the decision of the bankruptcy court to approve the Compromise and Settlement Agreement.

AFFIRMED.